UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10777 PBS

AUSTIN SMITH, Petitioner

V.

MICHAEL A. THOMPSON, SUPERINTENDENT,
  Respondent

PETITION UNDER
28 USC SEC. 2254 FOR
WRIT OF HABEAS CORPUS

Now comes the petitioner, Austin Smith, and hereby submits this petition for a writ of habeas corpus pursuant to 28 USC Sec. 2254. The petitioner is in the custody of the respondent at the Massachusetts Correctional Institution at Shirley, P.O. Box 1218, Shirley, MA 01464.

1. The name and location of the court which entered the judgments of conviction under attack is: Middlesex Superior Court, 40 Thorndike Street, Cambridge, MA 02141.

2. The date of the judgment of conviction is: July 31, 1997.

3. The length of the sentences imposed follow:

   On the two convictions of rape of a child: concurrent terms of not less than 18 and not more than 20 years;

   On the three convictions of indecent assault and battery on a person under 14, and on the conviction of assault and battery by means of a dangerous weapon: concurrent terms of not less than 9 and not more than 10 years, to be served concurrent with the sentences imposed on the convictions of rape of a child.

4. The nature of the offenses charged were rape of a child (two counts), indecent assault and battery on a person under 14 (three counts), assault and battery by means of a dangerous weapon (one count), and assault and battery (petition found not guilty on this charge).

1

5. The petitioner pleaded not guilty.

6. The petitioner had a trial before a jury.

7. The petitioner did not testify at trial.

8. The petitioner appealed from the judgment of conviction.

9. The following information relates to the petitioner's appeal from the judgment of conviction:

   a) The name of the court: Massachusetts Appeals Court.

   b) The result: Judgment affirmed. Order denying motion for new trial affirmed.

   c) Date of result and citation: June 20, 2001.

   d) Grounds Raised:

   I) The defendant's constitutional rights to due process were violated through ineffective assistance of counsel where his trial attorney 1) ineptly handled fresh complaint evidence, 2) failed to introduce scientific evidence which would have impeached the testimony of both the complainant and her physician, 3) failed to introduce testimony which would have established a motive for the false charges made by the complainant, and 4) failed to adequately support his motion to dismiss the indictments.

   II) The trial judge abused his discretion in denying the defendant's motion for new trial where newly discovered evidence casts real doubt on the justice of his convictions.

   III) The defendant's attorney was ineffective for failing to develop, introduce and argue evidence which would have further supported the defendant's theory of the case.

   e) Further appellate review was sought but denied in a higher state court.

   f) No petition for certiorari in the United States Supreme Court was filed.

10. In addition to his appeal from the judgment of conviction and sentence, the petitioner made the following filings with respect to this judgment:

11. a)    1) Name of court: Middlesex Superior Court.

       2) Nature of Proceeding: Motion for New Trial.

       3) Grounds Raised:

           I) Newly discovered evidence casting real doubt on the justice of the conviction entitles the defendant to a new trial.

           II) The judge's erroneous instructions to the jury regarding their duties was so prejudicial that the defendant is entitled to a new trial.

           III) The defendant's federal and state constitutional due process rights were violated where he received ineffective assistance of counsel.

       4) The petitioner did not receive an evidentiary hearing or oral argument.

       5) Result: Motion denied.

       6) Date of Result: January 14, 2000.

b)    1) Name of court: Middlesex Superior Court.

       2) Nature of Proceeding: Motion for New Trial.

       3) Grounds Raised:

           I) Improper remarks by the prosecutor in his opening and closing statements entitle the defendant to a new trial.

           II) Unsolicited instructions to the jury by the judge were prejudicial and entitled the defendant to a new trial.

           III) Newly discovered evidence entitle the defendant to a new trial.

           IV) The indictments against the defendant were defective.

           V) The defendant received ineffective assistance of counsel.

       4) The petitioner did not receive an evidentiary hearing or oral argument.

       5) Result: Motion denied.

       6) Date of Result: February 20, 2003.

c)    No further substantive pleadings were filed.

d) The petitioner appealed from the denial of his first motion for new trial, consolidated with the direct appeal from his convictions. He thereafter appealed from the denial of his second motion for new trial.

e) The petitioner petitioned the highest state court (Massachusetts Supreme Judicial Court) for further appellate review after each of his appeals was denied by the Massachusetts Appeals Court.

12. The following are the grounds on which the petitioner claims that he is being held unlawfully, including a brief summary of the facts supporting each ground.

A) Ground One: The petitioner's federal constitutional rights were violated where he received ineffective assistance of trial counsel.

Supporting Facts: The petitioner's attorney 1) ineptly handled fresh complaint evidence (a) by failing to seek a limiting instruction precluding the jury from using it substantively; (b) by eliciting testimony from witnesses such that they made at least eighty-one statements repeating the gruesome allegations against the petitioner; and (c) by eliciting additional fresh complaint evidence against the petitioner during his cross-examination of prosecution witnesses; 2) failed to introduce important scientific evidence which would have supported the petitioner's argument that the complainant's claims of repeated anal rapes were extremely improbable; 3) failed to call the complainant's mother as a witness, where her testimony would have significantly undermined the complainant's credibility; 4) failed to adequately support his motion to dismiss the indictments against the petitioner; and 5) failed to obtain and present evidence at trial (including a videotape) which would have cast significant doubt on the veracity of the charges made against the petitioner by the complainant.

13. The foregoing grounds were presented by the petitioner to the state courts.

14. The petitioner does not have any appeal or petition pending as to the judgment under attack.

15. The name and address of the attorneys who have represented the petitioner are:

4



      a) At trial and sentencing:    George Murphy, Esq.
                                              149 Cambridge Street
                                              Cambridge, MA 02141

      b) On first motion for new trial and direct appeal:

                                              Edward B. Gaffney, Esq.
                                              P.O. Box 5092
                                              Wayland, MA 01778

      c) On the second motion for new trial and appeal from the denial of that motion, the petitioner acted pro se.

16.    The petitioner was sentenced on the indictments charging rape of a child, indecent assault and battery on a person under14, and assault and battery by means of a dangerous weapon. He was found not guilty on the indictment charging assault and battery.

17.    After the petitioner completes the sentences imposed in connection with the judgment under attack, he has no sentences to be served in the future.

      Wherefore, the petitioner prays that the Court grant him the relief to which he may be entitled in this proceeding.

_____
Edward B. Gaffney, Esq.
Attorney for Petitioner


I declare under penalty of perjury that the foregoing is true and accurate. Executed on 4-1-, 2005.

_____
Austin Smith
Petitioner

5