UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------x

AUSTIN SMITH,

          Petitioner,

vs.

MICHAEL THOMPSON,

          Respondent.

-----------------------------------------------x

Civil Action No. 05-10777-PBS

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, the respondent, Michael Thompson, through counsel, answers the numbered paragraphs of the petition for writ of habeas corpus as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9(a-b). Admitted.

9(c). The respondent admits that the date of the Appeals Court's decision was June 20, 2001. Further answering, the respondent states that the citation of the Appeals Court's decision

is *Commonwealth v. Smith*, 51 Mass. App. Ct. 1116 (table)(June 20, 2001).  A copy of this decision is included in the respondent's Supplemental Answer, Volume I, as Exhibit 11.

      9(d).    Admitted.

      9(e).    Admitted.  Further answering, the respondent states that the citation to the decision of the Massachusetts Supreme Judicial Court denying the petitioner's application for leave to seek further appellate review is *Commonwealth v. Smith*, 435 Mass. 1102 (2001)(table).  A copy of this decision is included in the respondent's Supplemental Answer, Volume I, as Exhibit 13.

      9(f).    The respondent is without knowledge or information sufficient to form a belief as to the truth of the statement set forth in paragraph 9(f) of the habeas petition, and calls upon the petitioner to prove same.

      10.    The respondent is without knowledge or information sufficient to form a belief as to the truth of the statement set forth in paragraph 10 of the habeas petition, and calls upon the petitioner to prove same.

      11(a).  Admitted.  (As read in conjunction with paragraph 10 of the habeas petition.)

      11(b)(1-2).  Admitted.

      11(b)(3).  Denied.  Further answering, the respondent states that the grounds on which the petitioner based his second motion for a new trial are set forth in the motion papers, which are reproduced in the Supplemental Appendix, Volume II, Exhibit 15.

      11(b)(4-6).  Admitted.

      11(c). The respondent is without knowledge or information sufficient to form a belief as to the truth of the statement set forth in paragraph 11(c) of the habeas petition, and calls upon the

petitioner to prove same.  Further answering, the respondent states that the petitioner filed a motion for post-trial discovery and a motion to amend his motion for new trial; copies of these documents are attached to the Supplemental Answer, Volume II, as Exhibits 14 and 16.

      11(d-e).  Admitted.

      12.    The respondent admits that the grounds set forth in paragraph 12 of the petition for a writ of habeas corpus are the grounds on which the petitioner seeks relief.  The respondent denies each and every allegation of fact contained in paragraph 12 of the petition for a writ of habeas corpus.  To the extent that paragraph 12 of the petition for a writ of habeas corpus contains conclusions of law, they require no response.   Further answering, the respondent states that paragraph 12 of the petition for a writ of habeas corpus does not state a claim upon which relief may be granted.

      13.    Paragraph 13 of the petition for a writ of habeas corpus states a legal conclusion to which no reply is necessary.

      14.    The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the petition for a writ of habeas corpus and calls upon petitioner to prove same.

      15.    Admitted.

      16.    Admitted.

      17. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the petition for a writ of habeas corpus and calls upon petitioner to prove same.

      AS A FURTHER ANSWER to the petition for a writ of habeas corpus, the respondent

files herewith a Supplemental Answer, which contains copies of the following documents:

**Volume I**

1. Docket Sheet for the case of *Commonwealth v. Austin Smith*, Middlesex County Superior Court Criminal Action No. 1995-02022;

2. Motion to Dismiss in the case of *Commonwealth v. Austin Smith*, Middlesex County Superior Court Criminal Action No. 1995-02022, along with affidavit and exhibits in support of same;

3. Commonwealth's Memorandum in Opposition to the Defendant's Motion to Dismiss in the case of *Commonwealth v. Austin Smith*, Middlesex County Superior Court Criminal Action No. 1995-02022;

4. Memorandum of Decision as to Defendant's Motion to Dismiss, *Commonwealth v. Austin Smith*, Middlesex County Superior Court Criminal Action No. 1995-02022;

5. Defendant's Motion for New Trial, *Commonwealth v. Austin Smith*, Middlesex County Superior Court Criminal Action No. 1995-02022;

6. Commonwealth's Memorandum in Opposition to the Defendant's Motion for a New Trial, *Commonwealth v. Austin Smith*, Middlesex County Superior Court Criminal Action No. 1995-02022;

7. Order Denying Defendant's Motion for New Trial, *Commonwealth v. Austin Smith*, Middlesex County Superior Court Criminal Action No. 1995-02022;

8. Brief and Record Appendix for the Defendant on Appeal from the Middlesex Division of the Superior Court Department, Massachusetts Appeals Court No. 99-

P-766;

9. Defendant's *Pro Se Moffett* Appellate Brief Submitted on Appeal from the Middlesex Division of the Superior Court Department, Massachusetts Appeals Court No. 99-P-766;

10. Brief for the Commonwealth on Appeal from the Middlesex Division of the Superior Court Department, Massachusetts Appeals Court No. 99-P-766;

11. *Commonwealth v. Smith*, 51 Mass. App. Ct. 1116(2001)(table);

12. Defendant's Application for Leave to Obtain Further Appellate Review on Appeal from the Middlesex Division of the Superior Court Department, Massachusetts Appeals Court No. 99-P-766;

13. *Commonwealth v. Smith*, 435 Mass. 1102 (2001)(table).

<u>**Volume II**</u>

14. Defendant's Post Conviction Discovery Motion for State medical Examiners Taped Recordings and Transcribed Autopsy Report or Conformation [sic], *Commonwealth v. Austin Smith* Middlesex County Superior Court Criminal Action No. 1995-02022;

15. *Pro Se* Defendant's Second Motion for New Trial with Exhibits, *Commonwealth v. Austin Smith*, Middlesex County Superior Court Criminal Action No. 1995-02022;

16. *Pro Se* Defendant's Motion to Amend Motion for New Trial and Motion for Stay, *Commonwealth v. Austin Smith*, Middlesex County Superior Court Criminal Action No. 1995-02022;

17. Memorandum and Order on Defendant's Motion for Discovery and Motion for a New Trial, *Commonwealth v. Austin Smith*, Middlesex County Superior Court Criminal Action No. 1995-02022;

18. Brief and Record Appendix for the Defendant (*Pro Se*) on the Appeal from the Middlesex Division of the Superior Court, *Commonwealth v. Smith,* Massachusetts Appeals Court No. 03-P-340;

19. Brief for the Commonwealth, *Commonwealth v. Smith,* Massachusetts Appeals Court No. 03-P-340;

20. Supplemental Record Appendix for the Commonwealth, Volume I, *Commonwealth v. Smith,* Massachusetts Appeals Court No. 03-P-340.

### Volume III

21. Supplemental Record Appendix for the Commonwealth, Volume II, *Commonwealth v. Smith,* Massachusetts Appeals Court No. 03-P-340;

22. *Commonwealth v. Smith,* 62 Mass. App. Ct. 1106 (2004)(table);

23. Defendant's Application for Leave to Obtain Further Appellate Review, filed in the Supreme Judicial Court, Massachusetts Appeals Court No. 03-P-340;

24. *Commonwealth v. Smith,* 443 Mass. 1102 (2004)(table).

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

The petition fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The petition fails to name the proper party respondent.

### Third Affirmative Defense

The petition contains claims which are barred by the doctrines of waiver and procedural default.

### Fourth Affirmative Defense

The decisions of the Massachusetts appellate courts should be upheld where they rest upon independent and adequate state law grounds for upholding the petitioner's conviction.

### Fifth Affirmative Defense

The petitioner's claims are barred to the extent that he has not exhausted them in state court.

Respectfully submitted,

THOMAS F. REILLY,
ATTORNEY GENERAL

/s/ Maura D. McLaughlin
Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2857
BBO # 634923

Dated: June 20, 2005

**CERTIFICATE OF SERVICE**

      I hereby certify that I have this 20th day of June, 2005, served a true and accurate copy of the foregoing pleading on counsel for the petitioner, Austin Smith, by depositing a copy in the office repository for collection and delivery by first class mail, postage prepaid, to the petitioner's counsel at the following address: Edward B. Gaffney, Esq., P.O. Box 5092, Wayland, Massachusetts, 01778.

                                                           /s/ Maura D. McLaughlin