UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------x

AUSTIN SMITH,

          Petitioner,

vs.

MICHAEL THOMPSON,

          Respondent.

-----------------------------------------------x

Civil Action No.  05-10777-PBS

**MEMORANDUM OF LAW IN SUPPORT OF**
**RESPONDENT'S MOTION TO DISMISS PETITION**
**FOR WRIT OF HABEAS CORPUS**

**INTRODUCTION**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the respondent, Michael Thompson, respectfully submits this motion to dismiss the petition for writ of habeas corpus filed by the petitioner, Austin Smith, on the grounds that the petition fails to state a claim upon which relief may be granted.  As grounds for this motion, and as set forth more fully below, the petition for a writ of habeas corpus may not be granted because the federal petition contains an unexhausted claim, *i.e.*, a claim which was not presented to the state's highest court before being brought to the federal court.  Specifically, that portion of the instant petition which claims that counsel was ineffective for failing to object to instructions given to two jurors prior to trial (Ground Five (B)) was never presented to the Massachusetts Supreme Judicial Court ("the SJC"). Since the petitioner has failed to exhaust his state court remedies with respect to one of the claims in the instant petition, the petition should be dismissed. 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

## BACKGROUND

**I.     Prior Proceedings**

On November 9, 1995, a Middlesex grand jury returned seven indictments (Nos. 95-2022-001 through -007), alleging that in Framingham on diverse dates between December 2, 1993, and May 31, 1995, the petitioner (a) raped the victim by putting his penis in her buttocks; (b) raped her by putting his penis in her mouth; (c) assaulted and battered her with a belt; (d) indecently assaulted and battered her by putting his hand on her vagina; (e) indecently assaulted and battered her by touching her mouth with his penis; (f) indecently assaulted and battered her by touching her buttocks with his penis; and (g) assaulted and battered her. *See* Docket Sheet for *Commonwealth v. Austin Smith*, Middlesex County Superior Court Criminal Action No. 1995-02022, Supplemental Answer ("Supp. Ans."), filed previously, Vol. I, p. 11; *see also* Trial Transcript for Middlesex County Superior Court Criminal Action No. 1995-02022, Volume I (hereinafter, "Tr./___"), pp. 196-203.

On August 15, 1996, the petitioner moved to dismiss the indictments based on an alleged impropriety in the grand jury proceedings. *See* Supp. Ans., Vol. I, Ex. 1, p. 5; *see also* Supp. Ans., Exs. 2-3.  A hearing on the motion to dismiss was held by Justice Raymond J. Brassard on October 1, 1996, and Justice Brassard issued a memorandum of decision denying the motion on October 3, 1996. Supp. Ans., Vol. I, Ex. 1, p. 6; Supp. Ans., Vol. I, Ex. 4.

On July 29, 1997, trial commenced before Justice Thomas E. Connolly and a jury. Supp. Ans., Vol. I, Ex. 1, p. 6; *see also, generally,* Tr./I.  On July 31, 1997, the jury found the petitioner guilty on six of the seven indictments, the exception being Indictment No. 95-2022-007, alleging assault and battery of the victim.  Supp. Ans., Vol. I, Ex. 1, p.7.   The trial judge

sentenced the petitioner to concurrent 18-20 year sentences at the Massachusetts Correctional Institute at Cedar Junction ("MCI-Cedar Junction") on Indictments 95-2022-001 and -002, and to 9-10 year sentences at MCI-Cedar Junction on the remaining indictments, to run concurrently with each other and with the sentences on -001 and -002. *Id.*

On August 7, 1997, the petitioner filed a timely notice of appeal. Supp. Ans., Vol. I, Ex. 1, p.8. The direct appeal was docketed in the Appeals Court on May 4, 1999. *See* Supp. Ans., Vol. I, Ex. 10, p. 4.

On July 27, 1999, a few months after the victim died of complications from strep throat, the petitioner filed a motion for new trial asserting, among other things, that a new trial was warranted because the victim had recanted to her mother shortly before the trial. Supp. Ans., Vol. I, Ex. 5; *see also* Supp. Ans., Vol. I, Ex. 6, p. 3. On January 14, 2000, the trial judge denied the motion for new trial with the following endorsement:

> After review of all submissions [including all the submissions of the petitioner and the entire package of submissions this day (1/14/00) by ADA Lee Hettinger], Motion for a New Trial pursuant to Mass. R. Crim. P. 30(b) is <u>DENIED</u> without a hearing.

Supp. Ans., Vol. I, Ex. 7. On January 25, 2000, the petitioner filed a timely notice of appeal regarding the denial of his motion for a new trial. *See* Supp. Ans., Vol. I, Ex. 10, p. 4. The appeal of the denial of the motion for new trial was docketed in the Appeals Court on February 15, 2000, and subsequently consolidated with the direct appeal. *See id.; see also* Supp. Ans., Vol. I, Ex. 8. The petitioner submitted a *pro se Moffett* brief in addition to the brief submitted by his attorney. Supp. Ans., Vol. I, Ex. 9.

The Appeals Court denied the petitioner's consolidated appeal on June 20, 2001. *See Commonwealth v. Austin Smith*, 51 Mass. App. Ct. 1116 (2001)(table), Supp. Ans., Vol. I, Ex.

11. The petitioner filed an application for leave to obtain further appellate review in the Massachusetts Supreme Judicial Court ("the SJC") which was denied on September 7, 2001. *See* Supp. Ans., Vol. I, Ex. 12; *see also Commonwealth v. Austin Smith*, 435 Mass. 1102 (2001)(table), Supp. Ans., Vol. I, Ex. 13.

On April 9, 2002, the *pro se* petitioner filed a second motion for new trial. Supp. Ans., Vol. II, Ex. 15. On February 20, 2003, in a written memorandum of decision, Justice Thomas Connolly (the trial judge) denied the petitioner's motion. *See* Supp. Ans., Vol II, Ex. 17. On March 11, 2002, the petitioner filed a timely notice of appeal. *See* Supp. Ans., Vol II, Exs. 18-20; Supp. Ans., Vol III, Ex. 21. On October 19, 2004, the Massachusetts Appeals Court denied the petitioner's appeal. *See Commonwealth v. Austin Smith,* 62 Mass.App.Ct. 1106 (2004)(table), Supp. Ans., Vol. III, Ex. 22. The petitioner filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") in the SJC on or about November 9, 2004, and the SJC denied the ALOFAR on December 23, 2004. *See* Supp. Ans., Vol. III, Exs. 23-24.

**II.    The Instant Habeas Petition**

The petitioner filed a petition for a writ of habeas corpus April 1, 2005, claiming ineffective assistance of trial counsel. As grounds for his petition, the petitioner asserts that counsel was ineffective in handling the victim's fresh complaint testimony in that he (1) failed to seek a limiting instruction on the victim's testimony regarding her out of court statements; (2) elicited repetitive testimony; and (3) elicited fresh complaint testimony not included in the Commonwealth's case-in-chief (collectively, Ground One). *See* Petition, p. 4, ¶ 12; *see also* Memorandum of Law in Support of Petition for Writ of Habeas Corpus (hereinafter, "Petitioner's Memorandum"), pp. 7, 8, 10**.** The petitioner also alleges that counsel was negligent

in failing to introduce scientific evidence which would have allegedly supported the petitioner's argument that certain of the victim's claims were improbable and in failing to call the victim's mother as a witness (Grounds Two and Three). *See id.,* pp. 11, 12. Finally, the petitioner alleges that counsel was ineffective in failing to present certain evidence in support of the motion to dismiss (Ground Four) and in failing to obtain and present evidence, including a videotape, at trial which would have cast significant doubt on the veracity of the charges made against the petitioner by the victim (Ground Five (A)). *See* Petition, p. 4, ¶ 12.

On or about August 30, 2005, the petitioner filed a memorandum of law in support of his habeas petition. In this memorandum, the petitioner set forth the same Grounds One through Four as he had in his petition, but proposed a new Ground Five. As the newly-stated ground for relief, the petitioner alleged that counsel was inefficient in failing to object to certain instructions given to two jurors before the trial (Ground Five (B)).[1] *See* Petitioner's Memorandum, pp. 14-15. This argument did not appear in either of the petitioner's ALOFARs presented to the SJC. *See* Supp. Ans., Vol. I, Ex. 12; Supp. Ans., Vol. III, Ex. 23.

**ARGUMENT**

A review of both of the petitioner's ALOFARs shows that he never presented his claim relating to the instructions given to the two jurors before trial to the SJC. *See* Supp. Ans., Vol. I, Ex. 12; Supp. Ans., Vol. III, Ex. 23. By adding this claim in his memorandum of law in support of his habeas petition, the petitioner has effectively amended his habeas petition to add an unexhausted claim. *See Rose v. Lundy,* 455 U.S. 509, 518-19 (1982). Since a petition which

---

[1] The petitioner did not argue the issue of counsel's supposed failure to present evidence (including the videotape) in his memorandum.

contains both exhausted and unexhausted claims must be dismissed, this Court should dismiss the petition in this case. *See id.*

    **A.    Standard**

It is well established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted." *Mele v. Fitchburg District Court,* 850 F.2d 817, 819 (1st Cir. 1988), *quoting United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925). *See also Rose v. Lundy,* 455 U.S. 509, 518-19 (1982); *Adelson v. DiPaola*, 131 F.3d 259, 261-62 (1st Cir. 1997); *Dougan v. Ponte*, 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. § 2254(b)(1)(A). The longstanding exhaustion requirement[2], in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose*, 455 U.S. at 518. *See also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Ex parte Royall,* 117 U.S. 241, 251 (1886)(state and federal courts are "equally bound to guard and protect rights secured by the Constitution"); *Scarpa v. DuBois,* 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied* 513 U.S. 1129 (1995); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1984); *Mele*, 850 F.2d at 819.

It is the petitioner's heavy burden to demonstrate that his now-claimed federal errors were fairly presented to the state's highest court. *Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st

---

[2] The exhaustion requirement is codified at 28 U.S.C. §§ 2254(b) and (c), which preclude federal habeas review unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). *See also Mele v. Fitchburg Dist. Ct.*, 850 F.2d 817, 819 (1st Cir. 1988).

Cir. 1989). In order to present a claim sufficiently for exhaustion purposes, "a petitioner must inform the state court of *both* the factual and legal underpinnings of the claim." *Scarpa*, 38 F.3d at 6 (emphasis added). The theory that the petitioner advances in his habeas petition must be the same as that relied upon in state court. *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir. 1987).

Moreover, every claim in a federal habeas petition must have been exhausted. *Rose,* 455 U.S. at 518-19. If a petition is "mixed" -- that is, contains both exhausted and unexhausted claims, it must be dismissed. *Id.*

### B. The Petition Should Be Dismissed Because Ground Five (B) of the Petition Was Never Presented to the SJC in Any Form.

In Ground Five (B) of his petition, the petitioner claims that his conviction should be overturned because counsel was ineffective in failing to challenge an allegedly erroneous instruction given to two jurors before the trial. *See* Petitioner's Memorandum, p. 15. This argument is developed for the first time in the memorandum in support of petitioner's federal habeas corpus petition[3]; the petitioner did not present either the factual underpinnings of this argument or the constitutional basis for this assertion to the state court. *See generally* Supp. Ans., Vol I, Ex. 12; Supp. Ans., Vol. III, Ex. 23. By making this argument, the petitioner has transformed his petition into a mixed petition, since it contains both exhausted and unexhausted claims. *See Rose*, 455 U.S. at 518-19.

To satisfy the exhaustion requirement, "the petitioner must have fairly presented the substance of his federal habeas claim to the state court before seeking federal habeas review."

---

[3] The respondent did not initially move to dismiss the petition on this basis since the unexhausted claim did not appear in the body of the petition. *See generally*, Petition. However, the respondent did assert the defense of failure to exhaust in its answer. *See* Answer, p. 7 (fifth affirmative defense).

*Martens v. Shannon,* 836 F.2d 715, 717 (1st Cir. 1988)**,** quoting *Gagne,* 835 F.2d at 7. Accord *Dougan*, 727 F.2d at 200. Exhaustion requires the petitioner to "fairly present . . . the issue" to "the state's highest tribunal." *Mele*, 850 F.2d at 820. In Massachusetts, "an appealed issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners of the ALOFAR." *Mele*, 850 F.2d at 823.

      Here, since Ground Five (B) of the petition was never presented to the SJC, Massachusetts' highest court, the habeas petition contains an unexhausted claim, and must, therefore, be dismissed. *See Rose,* 455 U.S. at 510, 518-19. *See also Picard v. Connor*, 404 U.S. 270, 275 (1971)("It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation")(quoting *Darr v. Buford,* 339 U.S. 200, 204 (1950)). While it is true that the petitioner has presented an ineffective assistance of counsel claim to the SJC, the petitioner never informed the SJC that his claim rested, at least in part, on the claim pertaining to the instructions to the two jurors before trial. *See* Supp. Ans., Vol. I, Ex. 12; Supp. Ans., Vol. III, Ex. 23. In order to present a claim sufficiently for exhaustion purposes, "a petitioner must inform the state court of both *the factual* and legal underpinnings of the claim." *Scarpa*, 38 F.3d at 6 (emphasis added). It is not enough that the petitioner may have made a blanket statement that his right to effective assistance of counsel was violated; without having made a clear statement to the SJC setting forth the facts which he claims form the basis of this violation his petition cannot be said to have been exhausted. *See Domaingue v. Butterworth, et al.,* 641 F.2d 8, 12 (1st Cir. 1981); *see also Mele*, 850 F.2d at 823 (claim in not fairly presented for exhaustion purposes unless it appears "within the four corners of the ALOFAR.").

Since he had added new facts as a basis of his claim for relief for the first time in these habeas proceedings, the petitioner has not provided the state courts with the first opportunity to correct the alleged constitutional error of which he now complains. The law is well-settled: "[t]he exhaustion requirement is not satisfied if a petitioner presents . . . new factual allegations in federal court that transform his claim or cast it in a significantly different light." *Domaingue,* 641 F.2d at 12. Since the petitioner never brought the claim set forth in Ground Five (B) to the SJC, it is not exhausted, and his petition must be dismissed. *See Martens v. Shannon,* 836 F.2d 715, 717 (1st Cir. 1988)("[F]ederal habeas oversight is not a freewheeling construct. It is dependent, among other things, upon all the claims asserted in the petition having been exhausted in the state courts").

## CONCLUSION

For the foregoing reasons, the respondent respectfully requests that this Court dismiss this habeas petition on the grounds that one of the claims in the petition has not been exhausted in the state court. In the alternative, the respondent respectfully requests that this Court require the petitioner to choose between dismissing his unexhausted claim and proceeding on the exhausted claims only, or having his petition dismissed.

Respectfully submitted,

THOMAS F. REILLY,
ATTORNEY GENERAL

/s/ Maura D. McLaughlin
Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2857
BBO # 634923

Dated: September 30, 2005

## CERTIFICATE OF SERVICE

     I hereby certify that I have this 30th day of September, 2005, served a true and accurate copy of the foregoing pleading on counsel for the petitioner, Austin Smith, by depositing a copy in the office repository for collection and delivery by first class mail, postage prepaid, to the petitioner's counsel at the following address: Edward B. Gaffney, Esq., P.O. Box 5092, Wayland, Massachusetts, 01778.

/s/ Maura D. McLaughlin