UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 05-10777-PBS

| | |
|---|---|
| AUSTIN SMITH,<br>    Petitioner<br>v.<br><br>MICHAEL A. THOMPSON,<br>    Respondent | ASSENTED TO MOTION<br>TO AMEND PETITIONER'S<br>MEMORANDUM IN SUPPORT<br>OF PETITION FOR WRIT<br>OF HABEAS CORPUS |

Now comes the petitioner in the above-captioned matter and hereby moves, with the assent of the respondent, to amend his Memorandum in Support of Petition for Writ of Habeas Corpus such that the second paragraph of page 15 of such memorandum is deleted in its entirety. (A copy of the amended page 15 is attached hereto as Exhibit A.)

The parties are of the belief that this change to the petitioner's memorandum eliminates the need for the court to act on the respondent's pending Motion to Dismiss Petition for Writ of Habeas Corpus.

Pursuant to LR 7.1(A)(2), counsel for the petitioner certifies that he conferred with counsel for the respondent in good faith to resolve or narrow this matter, and that as a result of that conference, counsel for respondent assented to the instant motion.

Respectfully Submitted,
Austin Smith

_____
Edward B. Gaffney  BBO #563719
P.O. Box 5092
Wayland, MA  01778
(781) 894-6668

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on Maura D. McLaughlin, Assistant Attorney General, Criminal Bureau, One Ashburton Place, Boston, MA 02108 by first class mail, postage prepaid, on October 5, 2005.

_____
Edward B. Gaffney  BBO #563719
P.O. Box 5092
Wayland, MA  01778
(781) 894-6668

Once again, the prosecutor allowed the grand jury to be misled by the witness's imprecise response. The prosecutor, as a representative of the Commonwealth, should be held to be aware of information undeniably within the control of a closely related arm of the Commonwealth (the Department of Correction). *Cf. Commonwealth v. Donohue*, 396 Mass. 590, 598-599 (1986). Smith's attorney should have supported his contention that the prosecutor presented "shoddy merchandise" to the grand jury with this additional example of the prosecutor's failure to correct testimony he knew or should have know to be misleading. If the court had been aware that the prosecutor's failure to correct the misleading testimony regarding the doctor was not an isolated instance, and had also been aware of this second mishandled request by the grand jury for corroboration of the complainant's story, it might well have reached a different result in ruling on the motion to dismiss.

### 3. *The Unreasonable Application of Federal Law*

Although the Massachusetts Appeals Court acknowledged that "in repeatedly eliciting corroborative testimony from the victim and other witnesses, [Smith's] counsel's performance fell measurably below that of the ordinary, fallible lawyer," it ultimately concluded that counsel's "deficient representation did not 'cast doubt on the validity of the jury's verdicts.'" Res. Sup. Ans. I, Exhibit 11.

The court's analysis and conclusion was unreasonable. First, Smith's attorney did not only elicit "corroborative testimony" from the victim and other witnesses -- because

page 15 (as amended)

Exhibit A